UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORRIS VESSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2294** |
| **MARLIN GUSMAN,<br>CRIMINAL SHERIFF, ET AL.** | **SECTION: "D"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Norris Vessell, a state inmate, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Deputy Gulf, and Deputy Turner. In this lawsuit, plaintiff complains that he was physically and verbally abused during a court appearance.

A Spears hearing was held on June 8, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

On March 31, 2005, while speaking to the judge during an appearance at Orleans Parish Criminal District Court, plaintiff was grabbed and pushed to the back of the courtroom by Deputy Gulf.  The deputy then threatened plaintiff that a "physical altercation" would ensue unless he put down his paperwork.  The deputy later again verbally abused plaintiff in an attempt to goad him into a fight; however, no physical altercation occurred.  When asked at the Spears hearing what injuries he sustained at the hands of the deputy, plaintiff testified that the deputy "never placed his hands on me, other than, you know, tightening the cuffs, and what have you, on me."

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[3] Rec. Docs. 2 and 3.

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff's claims are primarily ones that he was verbally abused and threatened by Deputy Gulf. However, such claims simply are not cognizable in a federal civil rights action. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); see also Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation.").

To the extent that plaintiff is asserting a claim for the "physical abuse" he suffered, the claim would be one alleging excessive force. It appears from the complaint that plaintiff was a pretrial detainee at the time this incident occurred.[5] For excessive force claims brought by pretrial detainees, the central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Valencia v. Wiggins, 981 F.2d 1440, 1449 (5th Cir. 1993).[6] Moreover, the United States Supreme Court has expressly noted that while

---

[5] See Rec. Doc. 1, p. 3, § III (A). However, regardless of whether a plaintiff was a pretrial detainee or a convicted inmate, the same standard is applied to such claims. Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993).

[6] The United States Fifth Circuit Court of Appeals has noted:

> The focus of this standard is on the detention facility official's subjective intent to punish. But, in determining such intent, the calculus of the trier of fact must include such objective factors as the extent of injuries suffered, the apparent need for the application of force, the degree of force exerted, the threat reasonably perceived by the detention facility official, and the need to act quickly and decisively.

Valencia, 981 F.2d at 1449.

the malicious and sadistic use of force to cause harm is actionable, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Rather, excluded from constitutional recognition are *"de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks and citations omitted). In addition, the Fifth Circuit has held that to support an excessive force claim the plaintiff "must have suffered from the excessive force a more than *de minimis* physical injury." Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999).

In the instant case, it is apparent from plaintiff's own Spears hearing testimony that the guard did nothing more than grab and push plaintiff to the back of the courtroom. Such an action is clearly a *de minimis* use of physical force properly and understandably employed in an attempt to restore order in the state court proceeding.[7] Moreover, plaintiff suffered no physical injury, *de minimis* or otherwise, in the brief altercation. Further, because he suffered no physical injury, he is barred by federal law from recovering damages for any mental or emotional injuries he may have suffered. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). For all of the foregoing reasons, the Court has no hesitation in finding that plaintiff's excessive force claim is patently frivolous.

---

[7] To the extent that plaintiff is claiming that he was handcuffed too tightly, the United States Fifth Circuit Court of Appeals has made clear that "handcuffing a person too tightly, without more, does not state an excessive force claim." Ashby v. Willis, 123 Fed, App'x 148, 149 (5th Cir. 2005) (*citing* Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001)).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  22nd    day of June, 2006.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**